[Civ. No. 17568. Second Dist., Div. Two. May 15, 1950.]

THURSA FUGL, as Executrix, etc., Respondent, v. JOHN WITTS, Appellant.

Guy E. Ward and Clarke A. Knicely for Appellant.

E. C. Pyle for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff (cross-defendant) and against defendant (cross-complainant) in an action to quiet title to certain real property, defendant appeals.

*Facts:* The present action was tried on the issues raised by plaintiff's amended complaint seeking to quiet title to seven parcels of real property, defendant's amended cross-complaint seeking that title be quieted in him to the same pieces of land, and the respective answers of the parties to the pleadings. Plaintiff, as an affirmative defense, pleaded that defendant had not been seised or in possession of the premises in question, or any part of them, within five years prior to the date of the commencement of the present action. The trial court found that this allegation was true. Since defendant does not question the sufficiency of the evidence to sustain such finding this court must assume that there was substantial evidence to support it.

*Question: Did the trial court err in giving judgment in favor of plaintiff?*

This question must be answered in the negative. Since defendant was not seised or possessed of the premises in question within five years before the commencement of the action, he neither had (1) a cause of action entitling him to have title quieted in him to the property, nor (2) a defense to plaintiff's cause of action to have the title to the property quieted in plaintiff. (Code Civ. Proc., § 319.)*

The other questions urged by defendant as grounds for reversal of the judgment are immaterial in view of the foregoing rule, since the judgment would of necessity have gone for plaintiff irrespective of the decision of the trial court on other points urged by defendant.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied May 31, 1950, and appellant's petition for a hearing by the Supreme Court was denied July 13, 1950. Carter, J., and Schauer, J., voted for a hearing.

---

*Section 319 of the Code of Civil Procedure reads thus:

"No cause of action, or defense to an action, arising out of the title to real property, or to rents or profits out of the same, can be effectual, unless it appears that the person prosecuting the action, or making the defense, or under whose title the action is prosecuted, or the defense is made, or the ancestor, predecessor, or grantor of such person was seised or possessed of the premises in question within five years before the commencement of the act[ion] in respect to which such action is prosecuted or defense made."